IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARCOS PEDRAZA PASCUAL,

    Plaintiff,

v.                                                                                                   No. 24-cv-00031-KG-KBM

SARA JUSTICE RIVAS,

    Defendants.

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on Plaintiff Marcos Pedraza Pascual's Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 3) (the "IFP Motion") and Motion to Transfer to Children's Court (Doc. 4).

Pascual commenced this action by filing a pleading titled "Brief of Intent to Legal Action" alleging that Defendant Sara Justice Rivas used illicit drugs during pregnancy and seeking a protection order. (Doc. 1). He subsequently filed the IFP Motion and the Motion to Transfer to Childrens Court presently before the Court. The opening pleading does not raise federal claims and, it appears from the Motion to Transfer to Childrens' Court, that Pascual does not intend to proceed in federal court.

The jurisdiction of federal courts is limited, in relevant part, to controversies arising under federal law, giving rise to federal-question jurisdiction. *See* 28 U.S.C. §§ 1331. "[B]ecause the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). "[F]ederal question jurisdiction must appear on the face of the complaint" and the Court must "look to the way the complaint is drawn" to determine whether

it asserts a "right to recover under the Constitution and laws of the United States." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quotations omitted). Construing the opening pleading as a complaint, this Court lacks jurisdiction over this case because Plaintiff does not invoke federal constitutional or statutory law. The remedies Pascual seeks are the purview of the New Mexico state Courts. This Court does not have authority to "transfer" this matter to a state court. *See Ferguson v. Oklahoma Sec'y of State*, 6 F. App'x 797, 799 (10th Cir. 2001) (recognizing that there is no law allowing a federal court to transfer a case originally filed in federal court to a state court for lack of jurisdiction). Accordingly, the Motion to Transfer to Children's Court shall be denied. This Order has no effect on Pascual's right to pursue his claims in the state courts.

Further, if Pascual intends to proceed in this Court, he must show cause in writing within thirty days why this case should not be dismissed for lack of jurisdiction. If Pascual does not intend to pursue litigation in this Court, no response is necessary, and the Court will dismiss the action without prejudice after the response deadline expires.

Finally, the Court shall grant Pascual's IFP Motion, and waive the initial partial payment.

**IT IS THEREFORE HEREBY ORDERED** that:

(1)   The Motion to Transfer to Children's Court **(Doc. 4)** is **DENIED**.

(2)   The IFP Motion **(Doc. 3)** is **GRANTED**.

(3)   If Pascual intends to proceed in this Court, he must file a response within thirty days of the entry of this order showing cause why this case should not be dismissed for lack of subject matter jurisdiction. If no response is received, this case shall be dismissed without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE