IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARCOS PEDRAZA PASCUAL,

     Plaintiff,

v.                                         No. 1:24-cv-031 KG-KBM

SARA JUSTICE RIVAS,

     Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court following Plaintiff Marcos Pedraza Pascual's failure to establish a basis for federal jurisdiction as directed.   Plaintiff was incarcerated when this case was filed and is proceeding *pro se*.   Plaintiff initiated this action on January 10, 2024 by filing a "Brief of Intent to Legal Action."   (Doc. 1).   On February 6, 2024, Plaintiff filed a Prisoner Civil Rights Complaint, alleging that he witnessed Defendant using illicit drugs during her pregnancy.   (Doc. 2) at 5.   Defendant Rivas is the only named defendant.   *Id.* at 1.   Plaintiff seeks "to strike parental rights from this woman and give custody to the Department and arrange visitations for me."   *Id.* at 5.

By an Order entered July 29, 2024, the Court denied Plaintiff's Motion to Transfer to Children's Court because this Court does not have authority to transfer this matter to a state court. (Doc. 5); *Ferguson v. Oklahoma Sec'y of State*, 6 F. App'x 797, 799 (10th Cir. 2001) (recognizing that there is no law allowing a federal court to transfer a case originally filed in federal court to a state court for lack of jurisdiction).   The Court also analyzed the basis for jurisdiction based on Plaintiff's claims. and noted Plaintiff does not assert a "right to recover under the Constitution and

laws of the United States," which is necessary to establish federal question jurisdiction. *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (the basis for jurisdiction must appear on the face of a complaint); *see also In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1170 (10th Cir. 2023) (federal courts may *sua sponte* analyze jurisdiction). The opening filings also fail to establish diversity jurisdiction because they do not allege "that the plaintiff and defendant[s] are citizens of different states and that the amount in controversy is greater than $75,000." *Rice v. Off. of Servicemembers' Grp. Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001).

Accordingly, the Court set a deadline of thirty (30) days for Plaintiff to show cause in writing why this case should not be dismissed for lack of jurisdiction.   (Doc. 5) at 2.   The Court explained the Order to Show Cause has no effect on Plaintiff's right to pursue his claims in the state courts, and if Plaintiff does not intend to pursue litigation in this Court, no response to the Order to Show Cause is necessary.  *Id.*   Plaintiff was warned that the failure to timely respond and establish a basis for federal jurisdiction will result in dismissal of this case without prejudice. *Id.*

The thirty-day deadline for Plaintiff to file a response expired August 28, 2024.   Plaintiff failed to comply or otherwise respond to the Order to Show Cause, which was returned noting that Plaintiff had been "Released" and is "No longer in custody."   (Doc. 6).   Plaintiff did not provide an updated address as required by local rule.  *See* D.N.M. Local Civil Rule 83.6 ("All … parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their … mailing addresses").   The Court will therefore dismiss this case without prejudice for lack of jurisdiction and "for failure to … comply with [civil rules and] court orders."  *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003); *see also Brereton v. Bountiful City Corp.*, 434 F.3d

1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims.").

IT IS THEREFORE ORDERED:

1.  Plaintiff's Prisoner Civil Rights Complaint (Doc. 2) is dismissed without prejudice; and

2.  The Court will enter a separate judgment closing this civil case.

_____
UNITED STATES DISTRICT JUDGE